UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DANIEL ACEDO, CDCR #AT-5893,<br><br>Plaintiff,<br><br>vs.<br><br>COUNTY OF SAN DIEGO SHERIFF'S DEPARTMENT, *et al.*,<br><br>Defendants. | Civil No.   14-cv-01503-BAS(NLS)<br><br>**ORDER:**<br><br>**(1) GRANTING MOTION TO PROCEED** ***IN FORMA PAUPERIS*** **(ECF No. 2)**<br><br>**AND**<br><br>**(2)** ***SUA SPONTE*** **DISMISSING COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) AND 28 U.S.C. § 1915A(b)(1)** |

Daniel Acedo ("Plaintiff"), a state prisoner currently incarcerated at Wasco State Prison ("WSP") in Wasco, California, and proceeding *pro se*, has filed a civil rights complaint ("Compl.") pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

Plaintiff claims that while he was in custody at the San Diego Central Jail ("SDCJ") and George Bailey Detention Facility ("GBDF") from December 2013, through May 2014, the County of San Diego's Sheriff's Department and several Sheriff's Department officials at SDCJ violated his right to access to the courts by refusing to provide him with 28-lined pleading paper and other "forms" for filing legal actions in

both state and federal courts. (*See* Compl. at 1, 3-5.) Plaintiff further contends Sheriff's Department policies which allow inmates to "obtain 50-page print outs once a month" is unconstitutional because it is "very limited in its nature." (*Id.* at 3.) Plaintiff seeks injunctive relief as well as general and punitive damages.[1] (*Id.* at 7.)

Plaintiff has not prepaid the $400 filing fee mandated by 28 U.S.C. § 1914(a); instead, he has filed a Motion to Proceed *In Forma Pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). (ECF No. 2.)

## I. MOTION TO PROCEED IFP

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee. *See* 28 U.S.C. § 1914(a).[2] An action may proceed despite the plaintiff's failure to prepay the entire fee only if he is granted leave to proceed IFP pursuant to 28 U.S.C. § 1915(a). *See Rodriguez v. Cook*, 169 F.3d 1176, 1177 (9th Cir. 1999). However, if the plaintiff is a prisoner and he is granted leave to proceed IFP, he nevertheless remains obligated to pay the entire fee in installments, regardless of whether his action is ultimately dismissed. *See* 28 U.S.C. § 1915(b)(1) & (2); *Taylor v. Delatoore*, 281 F.3d 844, 847 (9th Cir. 2002).

Under 28 U.S.C. § 1915, as amended by the Prison Litigation Reform Act ("PLRA"), a prisoner seeking leave to proceed IFP must also submit a "certified copy

---

[1] Because Plaintiff is now incarcerated at WSP, his request for injunctive relief prohibiting San Diego County officials "from denying forms and copies" and "imposing policies that deny access to the state and federal courts" is moot. *See* Compl. at 7; *Preiser v. Newkirk*, 422 U.S. 395, 402-03 (1975) (inmate's request for declaratory judgment rendered moot by his transfer to another prison). When an inmate has been transferred to another prison and there is no reasonable expectation or demonstrated probability that he will again be subjected to the conditions from which he seeks injunctive relief, his claim for injunctive relief should be dismissed as moot. *See Dilley v. Gunn*, 64 F.3d 1365, 1368-69 (9th Cir. 1995). The possibility that an inmate might be transferred back to the prison where the injury occurred is too speculative to overcome mootness. *Id.*; *see also Wiggins v. Rushen*, 760 F.2d 1009 (9th Cir. 1985).

[2] In addition to the $350 statutory fee, all parties filing civil actions on or after May 1, 2013, must pay an additional administrative fee of $50. *See* 28 U.S.C. § 1914(a), (b); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule (eff. May 1, 2013). However, the additional $50 administrative fee is waived if the plaintiff is granted leave to proceed IFP. *Id.*

of the trust fund account statement (or institutional equivalent) for . . . the 6-month period immediately preceding the filing of the complaint." 28 U.S.C. § 1915(a)(2); *Andrews v. King*, 398 F.3d 1113, 1119 (9th Cir. 2005). From the certified trust account statement, the Court assesses an initial payment of 20% of (a) the average monthly deposits in the account for the past six months, or (b) the average monthly balance in the account for the past six months, whichever is greater, unless the prisoner has no assets. *See* 28 U.S.C. § 1915(b)(1); 28 U.S.C. § 1915(b)(4). The institution having custody of the prisoner then collects subsequent payments, assessed at 20% of the preceding month's income, in any month in which the prisoner's account exceeds $10, and forwards them to the Court until the entire filing fee is paid. *See* 28 U.S.C. § 1915(b)(2).

In support of his IFP application, Plaintiff has submitted the certified copies of his trust account statements required by 28 U.S.C. § 1915(a)(2) and S.D. CAL. CIVLR 3.2. *Andrews*, 398 F.3d at 1119. The Court has reviewed Plaintiff's trust account statements, as well as the attached prison certificate issued by a librarian at WSP where he is currently incarcerated verifying his account history and available balances, and has determined that Plaintiff has no available funds from which to pay filing fees at this time. *See* 28 U.S.C. § 1915(b)(4) (providing that "[i]n no event shall a prisoner be prohibited from bringing a civil action or appealing a civil action or criminal judgment for the reason that the prisoner has no assets and no means by which to pay the initial partial filing fee"); *Taylor*, 281 F.3d at 850 (finding that 28 U.S.C. § 1915(b)(4) acts as a "safety-valve" preventing dismissal of a prisoner's IFP case based solely on a "failure to pay . . . due to the lack of funds available to him when payment is ordered").

Therefore, the Court **GRANTS** Plaintiff's Motion to Proceed IFP (ECF No. 2) and assesses no initial partial filing fee per 28 U.S.C. § 1915(b)(1). However, the entire $350 balance of the filing fees mandated must be garnished by the California Department of Corrections and Rehabilitation ("CDCR") and forwarded to the Clerk of the Court pursuant to the installment payment provisions set forth in 28 U.S.C. § 1915(b)(1).

## II. INITIAL SCREENING PER 28 U.S.C. §§ 1915(e)(2)(B) AND 1915A(b)

### A. Standard of Review

Notwithstanding Plaintiff's IFP status or the payment of any partial filing fees, the PLRA also obligates the Court to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program," "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915(e)(2) and 1915A(b) and (c). Under these statutes, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b); *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (discussing § 1915(e)(2)); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

All complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED.R.CIV.P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "Determining whether a complaint states a plausible claim for relief [is] . . . a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

"When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Iqbal*, 556 U.S. at 679; *see also Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000) ("[W]hen determining whether a complaint states a claim, a court must accept as true all allegations of material fact and must construe those facts in the light most favorable to

the plaintiff."); *Barren v. Harrington*, 152 F.3d 1193, 1194 (9th Cir. 1998) (noting that § 1915(e)(2) "parallels the language of Federal Rule of Civil Procedure 12(b)(6)").

However, while the court has an obligation "'where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt,'" *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it "may not supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982).

### B.  42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quotations and citation omitted).

#### 1.  San Diego County Sheriff's Department

First, to the extent Plaintiff names the entire "San Diego County Sheriff's Department" as a Defendant in his Complaint, his claims must be dismissed *sua sponte* pursuant to both 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failing to state a claim upon which § 1983 relief can be granted. *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

A local law enforcement department (like the San Diego County Sheriff's Department) is not a proper defendant under § 1983. *See Vance v. County of Santa Clara*, 928 F. Supp. 993, 996 (N.D. Cal. 1996) ("Naming a municipal department as a

defendant is not an appropriate means of pleading a § 1983 action against a municipality.") (citation omitted); *Powell v. Cook Cnty. Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993) ("Section 1983 imposes liability on any 'person' who violates someone's constitutional rights 'under color of law.'  Cook County Jail is not a 'person.'").

### 2.  **Defendant Pena**

Second, Plaintiff seeks to hold Captain Daniel Pena liable under § 1983 based only on claims that he is "responsible for overseeing the San Diego Central Jail," and "responsible for supervising" Defendants Vickery, Brown, and Avalos. (*See* Compl. at 2.)  His Complaint makes no further mention of Pena, and makes no specific factual allegations of individualized constitutional wrongdoing by Pena.  Thus, it appears Plaintiff seeks to sue Pena based on his supervisory responsibility over the other Sheriff's Department officials he claims denied his library requests. (*Id.* at 2.)

However, there is no respondeat superior liability under 42 U.S.C. § 1983. *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *see also Iqbal*, 556 U.S. at 676 ("[V]icarious liability is inapplicable to . . . § 1983 suits.").  Instead, a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 556 U.S. at 676; *see also Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (even a *pro se* plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a claim (citation omitted)).  "The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation." *Leer v. Murphy*, 844 F.2d 628, 633 (9th Cir. 1988) (citing *Rizzo v. Goode*, 423 U.S. 362, 370-71 (1976)); *see also Starr v. Baca*, 652 F.3d 1202, 1207-08 (9th Cir. 2011).

Supervisory prison officials may only be held liable for the allegedly unconstitutional violations of a subordinate if Plaintiff sets forth allegations which show: (1) how or to what extent they personally participated in or directed a subordinate's

actions, and (2) in either acting or failing to act, they were an actual and proximate cause of the deprivation of Plaintiff's constitutional rights. *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978); *Starr*, 652 F.3d at 1207-08. As currently pleaded, Plaintiff's Amended Complaint fails to include *any* "factual content that [would] allow[] the court to draw [a] reasonable inference" in support of an individualized constitutional violation committed by Captain Pena with respect to his access to courts claims. *Iqbal*, 556 U.S. at 678. Therefore, Plaintiff has failed to state a plausible claim to relief against Pena because his pleading is completely "devoid of [the] further factual enhancement" which is required to overcome the respondeat superior bar and "nudge[] his claims [against Pena]. . . across the line from conceivable to plausible." *Iqbal*, 556 U.S. 678, 679 (internal citations and quotations omitted); 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1); *Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004.

### 3. Access to Courts

Third, Plaintiff claims Defendants Vickery, Brown, and Avalos, identified as a "counselor," librarian, and a "social worker" employed by the SDCJ, denied him access to the courts by refusing his requests for pleading paper, and depriving him of "forms and copies" with the exception of subpoenas and "state habeas corpus." (Compl. at 2-3, 5.)

Prisoners have a constitutional right to access to the courts. *Lewis v. Casey*, 518 U.S. 343, 346 (1996). The right is limited to the filing of direct criminal appeals, habeas petitions, and civil rights actions. *Id.* at 354. Claims for denial of access to the courts may arise from the frustration or hindrance of "a litigating opportunity yet to be gained" (forward-looking access claim) or from the loss of a suit that cannot now be tried (backward-looking claim). *Christopher v. Harbury*, 536 U.S. 403, 412-15 (2002); *see also Silva v. Di Vittorio*, 658 F.3d 1090, 1102 (9th Cir. 2011) (differentiating "between two types of access to court claims: those involving prisoners' right to affirmative *assistance* and those involving prisoners' rights to litigate without active *interference*.").

1     However, the plaintiff must allege "actual injury" as the threshold requirement to any access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1102-04. An "actual injury" is "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (an actual injury includes the "inability to file a complaint or defend against a charge"). The failure to allege an actual injury is "fatal." *Alvarez v. Hill*, 518 F.3d 1152, 1155 n.1 (9th Cir. 2008) ("Failure to show that a 'nonfrivolous legal claim had been frustrated' is fatal.") (quoting *Lewis*, 518 U.S. at 353 & n.4).

    In addition, the prisoner must allege the loss of a "non-frivolous" or "arguable" underlying claim. *See Harbury*, 536 U.S. at 413-14. The nature and description of the underlying claim must be set forth in the pleading "as if it were being independently pursued." *Id.* at 417. Finally, the plaintiff must specifically allege the "remedy that may be awarded as recompense but not otherwise available in some suit that may yet be brought." *Id.* at 415.

    Plaintiff's Complaint fails to allege the actual injury required to state an access to courts claim. *See Lewis*, 518 U.S. at 351-53; *Silva*, 658 F.3d at 1104. Specifically, while he claims Defendants Vickery, Brown, and Avalos denied his requests for copies, and failed to provide him with pleading paper or other identified state or federal forms, *see* Compl. at 3, 5, he has failed to include any further "factual matter" to show how or why those deprivations resulted in any "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *Lewis*, 518 U.S. at 348; *Jones*, 393 F.3d at 936; *Iqbal*, 556 U.S. at 678.

    Moreover, Plaintiff's Complaint also fails to identify or even nominally describe the non-frivolous or arguable nature of the underlying cause of action he either anticipated or lost as a result of Defendants' actions. *Harbury*, 536 U.S. at 416 ("[L]ike any other element of an access claim[,] . . . the predicate claim [must] be described well

enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope.").

For these reasons, the Court finds Plaintiff's access to courts claims against Defendants Vickery, Brown, and Avalos must also be dismissed for failing to state a plausible claim upon which § 1983 relief can be granted. *See Iqbal*, 556 U.S. at 678; 28 U.S.C. § 1915(e)(2)(B)(ii), § 1915A(b)(1).

### 4.  Claim Preclusion

Finally, the Court notes that even if Plaintiff had pleaded facts sufficient to state a plausible access to courts claim, it is clear from the face of his pleading, including the exhibits he has attached, that he may be precluded from re-litigating those claims on grounds that they have already been litigated on the merits in a state habeas corpus proceeding he *did* file while still in County custody. (*See* Compl. at 17-30; *In the Matter of the Application of Daniel Acedo*, San Diego Superior Court Case No. HC 21560, SCS268470 (May 12, 2014 Order Denying Petition for Writ of Habeas Corpus); *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231-34 (9th Cir. 2014) (holding that California's rules regarding issue and claim preclusion apply to prior state habeas decisions, and concluding that plaintiff was precluded from re-litigating under § 1983 claims that had been litigated and decided on the merits in a prior state habeas petition).)

### 5.  Leave to Amend

Because Plaintiff is proceeding without counsel, and it is not "absolutely clear that no amendment can cure" the defects of pleading set forth above, the Court will grant him an opportunity to amend. *See Lucas v. Dept. of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *Lopez*, 203 F.3d at 1131; *Cervantes v. City of San Diego*, 5 F.3d 1273, 1276-77 (9th Cir. 1993).

### III.  CONCLUSION AND ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** that:

1.  Plaintiff's Motion to Proceed IFP pursuant to 28 U.S.C. § 1915(a) (ECF No. 2) is **GRANTED**.

2. The Secretary of the CDCR, or his designee, is **DIRECTED** to collect from Plaintiff's prison trust account the $350 filing fee owed in this case by collecting monthly payments from the account in an amount equal to twenty percent (20%) of the preceding month's income and forward payments to the Clerk of the Court each time the amount in his account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). ALL PAYMENTS MUST BE CLEARLY IDENTIFIED BY THE NAME AND NUMBER ASSIGNED TO THIS ACTION.

3. The Clerk of the Court is **DIRECTED** to serve a copy of this Order on Jeffrey A. Beard, Secretary, California Department of Corrections and Rehabilitation, P.O. Box 942883, Sacramento, California, 94283-0001.

**IT IS FURTHER ORDERED** that:

4. Plaintiff's Complaint is **DISMISSED** for failing to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1). However, Plaintiff is **GRANTED** forty-five (45) days leave from the date of this Order in which to file an Amended Complaint which cures all the deficiencies of pleading noted above. Plaintiff's Amended Complaint must be complete in itself without reference to his original pleading. *See* S.D. CAL. CIVLR. 15.1.

**IT IS SO ORDERED**.

DATED: October 10, 2014

Hon. Cynthia Bashant
United States District Judge