**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| DANIEL ACEDO, CDCR #AT-5893, <br><br> Plaintiff, <br><br> vs. <br><br> COUNTY OF SAN DIEGO, et al., <br><br> Defendants. | Civil No. 14-cv-01503-BAS(NLS) <br><br> **ORDER DISMISSING FIRST AMENDED COMPLAINT FOR FAILING TO STATE A CLAIM PURSUANT TO 28 U.S.C. § 1915(e)(2)(B)(ii) & 28 U.S.C. § 1915A(b)(1)** |

Daniel Acedo ("Plaintiff"), a former state prisoner incarcerated at Wasco State Prison ("WSP") in Wasco, California, proceeding *pro se*, brings this case pursuant to the Civil Rights Act, 42 U.S.C. § 1983.

**I. PROCEDURAL HISTORY**

On October 11, 2014, the Court granted Plaintiff leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a), but simultaneously dismissed his Complaint *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and § 1915A(b)(1) for failing to state a claim upon which relief could be granted. (*See* Oct. 11, 2014 Order (ECF No. 4).) The Court further provided Plaintiff with notice of his Complaint's pleading deficiencies and granted him leave to amend. (*Id.* at pp. 5-10.)

On October 31, 2014, and while he was still incarcerated at WSP, Plaintiff filed an Amended Complaint. (ECF No. 5 ("FAC").) On December 4, 2014, Plaintiff also filed a Notice of Change of Address which indicates he has since been released from custody. (ECF No. 6.)

## II. PLAINTIFF'S CLAIMS

In his original Complaint, Plaintiff alleged that while he was in custody at the San Diego Central Jail ("SDCJ") and George Bailey Detention Facility ("GBDF") from December 2013, through May 2014, the County of San Diego's Sheriff's Department and several Sheriff's Department officials violated his right to access to the courts by refusing to provide him with 28-lined pleading paper and other "forms" for filing legal actions in both state and federal courts. (*See* Compl. (ECF No. 1) at 1, 3-5.) Plaintiff further argued that Sheriff's Department policies allowing inmates to "obtain 50-page print outs once a month" are unconstitutional because they are "very limited in its nature." (*Id.* at 3.) Plaintiff sought injunctive relief as well as general and punitive damages.[1] (*Id.* at 7.)

In its October 11, 2014 Order, the Court first dismissed the San Diego Sheriff's Department as an improper defendant under § 1983. (*See* Oct. 11, 2014 Order (ECF No. 4) at pp. 5-6 (citing *Vance v. Cnty. of Santa Clara,* 928 F. Supp. 993, 996 (N.D. Cal. 1996))). Second, the Court dismissed Plaintiff's claims against Captain Pena on respondeat superior grounds. (*Id.* at pp. 6-7 (citing *Palmer v. Sanderson*, 9 F.3d 1433, 1437-38 (9th Cir. 1993); *Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009))). Third, the Court dismissed Plaintiff's access to courts claims against all SDCJ officials (Vickery, Brown, and Avalos), finding both that he had failed to allege an "actual injury," *id.* at p. 8 (citing *Lewis v. Casey*, 518 U.S. 343, 351-53 (1996)), and that he failed to describe the "non-

---

[1] Because Plaintiff had been transferred from County custody to WSP at the time of filing, the Court found his request for injunctive relief prohibiting San Diego County officials "from denying forms and copies" and "imposing policies that deny access to the state and federal courts" to be moot. (*See* Oct. 11, 2014 Order (ECF No. 4) at p. 2, n.1; Compl. at 7; *Preiser v. Newkirk*, 422 U.S. 395 (1975) (inmate's request for declaratory judgment rendered moot by his transfer to another prison).)

frivolous nature of the underlying cause of action or claim that was either frustrated or lost as a result of their actions, *id.* at pp. 8-9 (citing *Christopher v. Harbury*, 536 U.S. 403, 413-14 (2002)). Finally, the Court noted that an exhibit attached to Plaintiff's Complaint indicated that his access to courts claims appeared precluded by a prior state habeas corpus proceeding filed while he was still in County custody. (*Id.* at p. 9 (citing *Gonzales v. Cal. Dep't of Corr.*, 739 F.3d 1226, 1231-34 (9th Cir. 2014))).

On October 31, 2014, Plaintiff filed his Amended Complaint (ECF No. 5), this time naming three different Defendants: the County of San Diego, its Sheriff, William D. Gore, and Legal Research Associates. He no longer names the Sheriff's Department, Captain Pena, Christina Vickery, Christine Brown, or Francis Avalos as parties, and his Amended Complaint alleges no causes of action against them. *See* S.D. CAL. CIVLR 15.1; *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc.*, 896 F.2d 1542, 1546 (9th Cir. 1989) ("[A]n amended pleading supersedes the original."); *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 928 (9th Cir. 2012) (noting that claims previously dismissed with leave to amend may be "considered waived if not repled.").

### III. SCREENING OF PLAINTIFF'S AMENDED COMPLAINT

#### A. Standard of Review

As Plaintiff knows, the Court is obligated by the Prison Litigation Reform Act ("PLRA") to review complaints filed by all persons proceeding IFP and by those, like Plaintiff, who are "incarcerated or detained in any facility [and] accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms or conditions of parole, probation, pretrial release, or diversionary program," at the time of filing "as soon as practicable after docketing." *See* 28 U.S.C. §§ 1915A(a) & (c). Under the PLRA, the Court must *sua sponte* dismiss complaints, or any portions thereof, which are frivolous, malicious, fail to state a claim, or which seek damages from defendants who are immune. *See* 28 U.S.C. §§ 1915(e)(2)(B) and 1915A; *Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc) (28 U.S.C. § 1915(e)(2));

*Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010) (discussing 28 U.S.C. § 1915A(b)).

Every complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* The "mere possibility of misconduct" falls short of meeting this plausibility standard. *Id.*; *see also Moss v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).

While a plaintiff's factual allegations are taken as true, courts "are not required to indulge unwarranted inferences." *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted). Indeed, while courts have an obligation "where the petitioner is *pro se*, particularly in civil rights cases, to construe the pleadings liberally and to afford the petitioner the benefit of any doubt," *Hebbe v. Pliler*, 627 F.3d 338, 342 & n.7 (9th Cir. 2010) (quoting *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985)), it may not "supply essential elements of the claim that were not initially pled." *Ivey v. Bd. of Regents of the Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Even before *Iqbal*, "[v]ague and conclusory allegations of official participation in civil rights violations [were] not sufficient to withstand a motion to dismiss." *Id.*

### B. Allegations in First Amended Complaint

Plaintiff's Amended Complaint consists of only three pages. On the first, in its caption, he lists the County of San Diego, William D. Gore, and Legal Research Associates as Defendants. (*See* FAC at 1.) On the second page, Plaintiff again alleges

that while he was in County custody at GBDF "on or about 12-03-1[3] until 1-18-14," "the County of San Diego through William D. Gore and through Legal Research Associates as persons acting under color of law[,] deprive[d] [him] of [his] constitutional right to access the court and in fact interfered with [his] right to obtain effective counsel and [his] right to a fair trial," by "hav[ing] a 'policy' which limit[ed] [his] ability to 50 pages of caselaw." (*Id.* at 2.) Plaintiff alleges to have "suffer[ed] prejudice because [he] was 'force[d]' to go pro per because of [his] inability to access adequate case law." (*Id.*) While he offers no further detail,[2] Plaintiff continues to seek injunctive relief requiring "Defendants (collectively) ... [to] change the[ir] limitation on legal research," costs and fees, as well as $675,000 in compensatory and $375,000 in punitive damages. (*Id.* at 3.)

### C. 42 U.S.C. § 1983

"Section 1983 creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights." *Devereaux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001). Section 1983 "is not itself a source of substantive rights, but merely provides a method for vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (internal quotation marks and citations omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012) (quotations and citation omitted).

### D. Liability

While it is not at all clear, it appears Plaintiff seeks to hold the County of San Diego, William D. Gore, its Sheriff, and Legal Research Associates, a company the

---

[2] While Plaintiff does attach approximately 20 pages of exhibits, these are comprised of blank forms provided to inmates by the San Diego County Sheriff's Department for their use in requesting "legal research/assistance information." (*See* FAC at 4-5, 23-27.) In addition to these forms, Plaintiff also attaches a photocopy of a chapter from B.E. Witkin & Norman L. Epstein, CALIFORNIA CRIMINAL LAW: Pretrial Proceedings §§ 259-273 (4th ed. 2012). (*Id.* at 6-20.)

County Sheriff's Department "contract[s] with . . . to provide [] legal research assistance" to inmates within its custody, *see* FAC at 4, liable for "hav[ing] a policy" which limited and/or interfered with his right to access to the court, *id.* at 2.  However, he makes no allegations of any individual or personal wrongdoing on the part of either Sheriff Gore or Legal Research Associates.[3]  *See Iqbal*, 556 U.S. at 676 (under § 1983 a plaintiff "must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."); *Jones v. Cmty. Redevelopment Agency of City of Los Angeles*, 733 F.2d 646, 649 (9th Cir. 1984) (noting that even a *pro se* plaintiff must "allege with at least some degree of particularity overt acts which defendants engaged in" in order to state a § 1983 claim against them) (citation omitted). Accordingly, Plaintiff has failed to state a § 1983 claim against Sheriff Gore or Legal Research Associates.

Although § 1983 refers only to "person[s]," Plaintiff may sue the County of San Diego as a local governing body directly under § 1983 for monetary, declaratory, and injunctive relief for violations of his constitutional rights. *Monell v. Dep't of Soc. Servs. of City. of N.Y.*, 436 U.S. 658, 690 (1978).  To state a claim for relief against a municipality, however, Plaintiff's pleading must "contain sufficient allegations of underlying facts . . . that . . . plausibly suggest an entitlement to relief" against the municipality. *Hernandez v. Cnty. of Tulare*, 666 F.3d 631, 637 (9th Cir. 2012) (citing *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011)).

To establish a municipality's liability under § 1983, Plaintiff must allege that: (1) he was deprived of a constitutional right; (2) the County had a policy; (3) the policy

---

[3] The Court assumes without deciding, and for purposes of screening only, that Legal Research Associates, a private entity which contracts with the San Diego Sheriff's Department to "provide [inmates] with legal research assistance," *see* FAC at 4, acts "under color of state law" for purposes of § 1983. *See, e.g., West v. Atkins*, 487 U.S. 42, 54 (1988) (concluding that a physician who was under contract with state to provide medical services to state prison inmates, acted under color of state law for purposes of § 1983 when undertaking his duties in treating the prisoner's injury because "[s]uch conduct is fairly attributable to the State.").

amounted to a deliberate indifference to his constitutional right; and (4) the policy was the "moving force behind the constitutional violation." *Mabe v. San Bernardino Cnty., Dep't of Pub. Soc. Servs.*, 237 F.3d 1101, 1110-11 (9th Cir. 2001) (citing *Van Ort v. Estate of Stanewich*, 92 F.3d 831, 835 (9th Cir. 1996)).

"The existence of a policy, without more, is insufficient to trigger local government liability under section 1983." *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1477 (9th Cir. 1992) (citing *City of Canton v. Harris*, 489 U.S. 378, 388-89 (1989)). Like his original Complaint, Plaintiff's Amended Complaint still fails to plead the factual content required to show that the County's alleged "policy" limiting him to "50 pages of caselaw," *see* FAC at 2, caused him any actual injury. *See Connick v. Thompson*, __ U.S. __, 131 S. Ct. 1350, 1359 (2011) (citing *Monell*, 436 U.S. at 691). As the Court explained in its October 11, 2014 Order, in the context of an asserted constitutional right to access to the court, "actual injury" is defined as "actual prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or to present a claim." *See Lewis*, 518 U.S. at 348; *see also Jones v. Blanas*, 393 F.3d 918, 936 (9th Cir. 2004) (describing actual injury as the "inability to file a complaint or defend against a charge.").

While Plaintiff was granted an opportunity to amend his pleading in order to explain how or why the County's legal research page limitations were the "moving force" which caused him to miss any court deadlines or prevented him from pursuing any "nonfrivolous" or "arguable" claim related to a direct appeal, habeas petition, or civil rights action, *see Harbury,* 536 U.S. at 413-14; *Lewis*, 518 U.S. at 355 (noting that a constitutional right to access to the courts requires only that inmates be provided the tools "need[ed] in order to attack their sentences, directly or collaterally, and in order to challenge the conditions of their confinement,"); *Dougherty v. City of Covina*, 654 F.3d 892, 900 (9th Cir. 2011) ("A government entity may not be held liable under 42 U.S.C. § 1983, unless a policy, practice, or custom of the entity can be shown to be a moving

force behind a violation of constitutional rights."), his Amended Complaint contains even less factual detail than his originally deficient pleading.

For example, while Plaintiff does allege the County's policy limiting the number of pages of "caselaw" "force[d] [him] to go pro per," *see* FAC at 2, he does not further explain how "going pro per" actually injured him, or how that "injury would have been avoided had proper policies been implemented." *Long v. Cnty. of Los Angeles*, 442 F.3d 1178, 1190 (9th Cir. 2006) ("For a policy to be the moving force behind the deprivation of a constitutional right, the identified deficiency in the policy must be 'closely related to the ultimate injury.'") (citations omitted).

Thus, the Court finds Plaintiff's Amended Complaint only "tenders 'naked assertions' devoid of 'further factual enhancement'" which are plainly insufficient to state a plausible access to courts violation. *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 557); 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1). Without a sufficiently pleaded constitutional violation, no claim of municipal liability against the County of San Diego may be maintained. *See Orin v. Barclay*, 272 F.3d 1207, 1217 (9th Cir. 2001) ("A § 1983 action against a [municipality] fails as a matter of law unless a [municipal] employee's conduct violates one of the plaintiff's federal rights.").

Accordingly, Plaintiff's Amended Complaint, like his original Complaint, must also be dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1). *See Lopez*, 203 F.3d at 1126-27; *Rhodes*, 621 F.3d at 1004. And because Plaintiff has already been provided an opportunity to amend his claims to no avail, the Court finds further leave to amend would be futile.[4] *See Gonzalez v. Planned*

---

[4] The Court's conclusion that further amendment would be futile is further premised on the fact that Plaintiff's original complaint also included exhibits which suggested that even if he *could* plead an access to courts claim related to the County's alleged policies limiting the number of pages of legal research to 50, those claims appeared precluded by a state court habeas proceeding he filed while he was still in County custody. (*See* Compl. (Doc. No. 1) at 17-30; Oct. 11, 2014 Order at 9 (citing *In the Matter of the Application of Daniel Acedo*, San Diego Superior Court Case No. HC21560, SCS268470 (May 12, 2014 Order Denying Petition for Writ of Habeas Corpus); *Gonzales*, 739 F.3d at 1231-34 (holding that California's rules regarding issue and claim preclusion apply to prior state habeas decisions, and concluding that plaintiff was precluded from re-litigating under § 1983 claims that had been litigated and decided

*Parenthood*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("'Futility of amendment can, by itself, justify the denial of . . . leave to amend.'") (quoting *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)).

### IV. CONCLUSION & ORDER

For the reasons set forth above, the Court **ORDERS** that:

(1) Plaintiff's Amended Complaint (ECF No. 5) is **DISMISSED** without further leave to amend for failing to state a claim upon which relief can be granted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and 28 U.S.C. § 1915A(b)(1).

(2) An IFP appeal from this Order of dismissal would not be taken "in good faith" pursuant to 28 U.S.C. § 1915(a)(3). *See Coppedge v. United States*, 369 U.S. 438, 445 (1962); *Gardner v. Pogue*, 558 F.2d 548, 550 (9th Cir. 1977) (indigent appellant is permitted to proceed IFP on appeal only if appeal would not be frivolous).

**IT IS SO ORDERED**.

**DATED: February 2, 2015**

Hon. Cynthia Bashant
United States District Judge

---

on the merits in a prior state habeas petition). While Plaintiff's Amended Complaint omits all reference to his state habeas petition, the Court "'may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue.'" *Bias v. Moynihan*, 508 F.3d 1212, 1225 (9th Cir. 2007) (quoting *Bennett v. Medtronic, Inc.*, 285 F.3d 801, 803 n.2 (9th Cir. 2002)).